IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR25 |
| v. | |
| ROBERT E. KACZMAREK, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Robert E. Kaczmarek's ("Kaczmarek") *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2) (Filing No. 66). Such requests are commonly referred to as motions for compassionate release. *See United States v. Totaro*, 91 F.4th 1263, 1264 (8th Cir. 2024). Kaczmarek seeks relief based upon his "serious physical and mental health conditions" and based on "guideline changes."

I.   BACKGROUND

On February 22, 2023, the grand jury returned an Indictment charging Kaczmarek with two counts. Count I charged that Kaczmarek knowingly attempted to use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, in violation of 18 United States Code § 2251(a). Count II charged him with recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, patronizing and soliciting a girl of less than 18 years of age to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a), (b)(1) and (b)(2).

On November 15, 2023, Kaczmarek pleaded guilty to Count I of the Indictment pursuant to a Federal Rules of Criminal Procedure 11(c)(1)(C) plea agreement. Among other things that plea agreement called for the dismissal of Count II and Kaczmarek agreed

to a range of imprisonment of not less than 262 months imprisonment and not more than 324 months imprisonment.

On February 9, 2024, Kaczmarek was sentenced to a term of incarceration of 324 months (at the top end of the agreed upon range in the plea agreement), followed by 10 years of supervised release.[1]  Kaczmarek was taken into custody at sentencing and has served approximately 18 months of his 324-month sentence.

**II.    DISCUSSION**

Kaczmarek seeks relief due to a number of physical problems, all of which are detailed in his Presentence Investigation Report ("PSR") (Filing No. 59).  At the time of sentencing he reported having numerous physical issues, including Type II diabetes, knee damage, neuropathy, and vein and nerve damage, all of which worsened, according to Kaczmarek, after an accident in 2022.  He has struggled with obesity over his lifetime and currently uses a wheelchair in prison.  Notably, Kaczmarek was using that wheelchair at his change of plea hearing and at sentencing.  He continues to utilize a wheelchair.

While it is clear that Kaczmarek suffers from a number of mental and physical conditions, those conditions were known to the Court at the time of sentencing, and there is no evidence that these conditions have worsened or are not being treated or accommodated in the custody of the Bureau of Prisons.  Moreover, although Kaczmarek checks a box in his form petition that he is suffering from a "terminal illness," he provides no support for this.

As amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), 18 U.S.C. § 3582(c)(1)(A)(i) authorizes Kaczmarek to ask the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion

---

[1] Kaczmarek's custodial guideline range was for life imprisonment.  His plea agreement provided for a variance below that life sentence.

on his behalf. *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023). Kaczmarek has included within his submission an "Inmate Request for Compassionate Release Consideration" dated July 10, 2025, and directed to the warden of his facility. Because thirty days have elapsed since the submission of that form, the Court will proceed to consider this request on the merits.

When evaluating a request for compassionate release the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a). Congress has largely delegated the task of defining "what should be considered extraordinary and compelling reasons" for reducing a sentence to the United States Sentencing Commission ("Sentencing Commission"). 28 U.S.C. § 994(t).

United States Sentencing Guideline ("U.S.S.G." or "the Guidelines") § 1B1.13 (b) provides a definition of extraordinary and compelling reasons that are necessary to support a request for compassionate release in specific circumstances. With regard to medical circumstances, the Guidelines provide that "extraordinary and compelling reasons exist under any of the following circumstances or combination thereof:

> "The defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13(b)(1)(B)(i).

The Guidelines also provide that where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and

3

without which the defendant is at risk of serious deterioration in health or death," he may be able to establish compelling reasons. § 1B1.13(b)(1)(C).

Although Kaczmarek presents with a number of mental health diagnoses and physical ailments, he has not provided evidence that he meets the threshold set forth in the Guidelines for relief based on medical circumstances. Kaczmarek presents no evidence that he has not been provided adequate medical care. Moreover, viewing all the 3553(a) factors, most notably of which are the nature and circumstances of the offense and the fact that Kaczmarek has served but a small fraction of his sentence, his motion for compassionate release based on his medical circumstances is denied.

Kaczmarek then broadly seeks relief due to "U.S.S.C. guideline changes." No Guideline changes have occurred that would affect Kaczmarek's sentence. Rather Kaczmarek seems to argue that his Guideline range was miscalculated. Notably, Kaczmarek did not appeal from his judgment and did not timely file a motion under 28 U.S.C. § 2255.

A "defendant's collateral attack on his prior conviction and the presentence report isn't a basis for a motion for compassionate release." *United States v. Turner*, No. 4:17-CR-3121, 2024 WL 2846142, at *2 (D. Neb. June 5, 2024). "Even if the Court had mistakenly [applied the guidelines], or the presentence report was otherwise in error, then the defendant's recourse was a direct appeal or 28 U.S.C. § 2255 motion." *Id.* (citing *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022), *cert. denied*, 142 S. Ct. 2781 (2022)). In *Crandall*, the Eighth Circuit noted that "If the sentencing court mistakenly classified Crandall as a career offender, then Crandall's recourse was to pursue a direct appeal or motion for post-conviction relief under 28 U.S.C. § 2255. *Crandall*, 25 F.4th 586. "And even a timely motion would have confronted this Court's holding that a challenge to application of the sentencing guidelines is not cognizable under 28 U.S.C. § 2255. *Id.* (citing *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc)).

4

Finally, even if Kaczmarek were able to raise these sentencing issues, his arguments would fail.

Kaczmarek first argues that he erroneously received a 5-level enhancement under "U.S.S.G. § 2G2.2(b)(7)." A review of the PSR reveals that the no such enhancement was applied in his case.

Kaczmarek next claims that the Court erred in applying a sentencing enhancement under U.S.S.G. § 4B1.5(b)(u) [sic] because he had never been convicted of a prior "covered sex crime." Kaczmarek is correct that the term "covered sex crimes" does not include "trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense." U.S.S.G. § 4B1.5, cmt. n.2. While it is true then that the 5-level enhancement does not apply to receipt, possession or exchange of child pornography, that is not what Kaczmarek was convicted of. *United States v. Perez*, 61 F.4th 623, 627-28 (8th Cir. 2023), Kaczmarek was involved in the production of child pornography – which is a "covered sex crime." Count I charged that Kaczmarek attempted to use, persuade, induce, entice and coerce a minor victim to engage in sexually explicit conduct for the purpose of producing a visual depiction, and that Kaczmarek knew that the visual depiction would be transported in interstate commerce. 18 U.S.C. § 2251(a). Indeed, the factual basis in the plea agreement establishes that the sex crimes were perpetrated by Kaczmarek on the victim repeatedly for over a year. U.S.S.G. § 4B1.5 was properly applied.

In reviewing this request, the Court has reviewed egregious and ongoing nature and circumstances of the offense, the fact that the victim was a minor, and the fact that Kaczmarek has served a small fraction of his sentence. Having carefully reviewed Kaczmarek's motion, the supporting documentation, as well as the § 1B1.13 and all of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds there are no extraordinary and compelling reasons sufficient to support compassionate release. Kaczmarek's motion is denied.

IT IS SO ORDERED.

Dated this 19th day of August 2025.

                                        BY THE COURT

                                        Robert F. Rossiter, Jr.
                                        Chief United States District Judge